# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| PERRY MASON, ) | CIVIL ACTION NO. 9:11-1655-MBS-BM |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| KENNY ATKINSON, Warden, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This case has been filed by the Petitioner, pro se, pursuant to 28 U.S.C. §2241. Petitioner, an inmate with the Federal Bureau of Prisons (BOP), contests his conviction on a disciplinary charge.

The Respondent filed a motion to dismiss and/or for summary judgment on March 28, 2012. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on March 29, 2012, advising Petitioner of the importance of a dispositive motion and of the need for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondent's motion may be granted, thereby ending his case.

Petitioner filed a response in opposition to the Respondent's motion on May 4, 2012, Respondent filed a reply on May 14, 2012, and Petitioner filed a sur reply on June 1, 2012.



Respondent's motion is now before the Court for disposition.[1]

**Background**

Petitioner is currently incarcerated at the Federal Correctional Institution in Edgefield, South Carolina. On November 22, 2009, when Petitioner was formerly incarcerated at the Federal Correctional Institution in Schuylkill, Pennsylvania, he received an incident report charging him a violation of Code 104 [possession of a weapon]. See Respondent's Exhibit 2 [Kulick Affidavit, Attachment A]. The incident report provided Petitioner with a description of the incident and the prohibited act with which he was charged. See Respondent's Exhibit 2, Sections 9-11. The Code 104 charge was based on Plaintiff's alleged possession of an eight inch metal homemade weapon found in the window of Plaintiff's cell. Following an investigation, during which Petitioner denied that the weapon at issue was his, the Petitioner had a Unit Disciplinary Committee (UDC) hearing on November 25, 2009, at which Petitioner again denied possession of the metal weapon. The matter was referred to a Disciplinary Hearing Officer (DHO). Id. at ¶ 19 & Attachment A, ¶ 7.

Petitioner was given a Notice of Rights, of which he acknowledged receipt, on November 25, 2009. See Respondent's Exhibit 2 [Kulick Affidavit, Attachments B and C]. Petitioner waived his right to have a staff representative, but indicated that he did want to call an inmate named Harris as a witness. Id. Petitioner contends that the weapon belonged to his roommate, an inmate named Montgomery, but since Montgomery did not admit the weapon was his, both occupants of the cell were charged. Petitioner argues that Harris would have confirmed that

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondent has filed motion to dismiss or for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

2



the weapon belonged to Montgomery. However, DHO Kevin Bittenbender denied Petitioner's request because Montgomery had assaulted inmate Harris. DHO Bittenbender found that inmate Harris' testimony would be considered tainted, and that Harris' appearance would also be a threat to his personal safety. Id. at Attachment D; see also Attachment B.

A disciplinary hearing was convened on December 15, 2009. Id. The DHO found Petitioner guilty of committing the prohibited act, and imposed a variety of sanctions. The DHO disallowed fifty-forty (54) days good conduct time, and imposed a forfeiture of five hundred forty days (540) non-vested good conduct time, sixty (60) days disciplinary segregation, eighteen (18) months loss of phone and visitation privileges, and one (1) year loss of Trulincs and Commissary privileges. Id. Petitioner received a written copy of this decision on December 22, 2009. Id. Respondent does not dispute that Petitioner appealed this decision throughout the administrative remedy process, where the disciplinary action and sanctions were upheld, and that Petitioner has therefore exhausted his available administrative remedies with respect to this disciplinary action. See Respondent's Exhibit 1, ¶ 5.[2]

In his § 2241 Petition, Petitioner asserts that he was illegally and wrongfully convicted with a Code 104 violation because he was denied due process when the BOP failed to allow him to call a witness. Petitioner also contends that his punishment was more severe than that received by others charged with a similar crime, and that in any event he is actually innocent of the charge. Petitioner seeks reversal of the sanctions imposed and an expungement of the institutional record.

---

[2]Federal prisoners must exhaust their administrative remedies prior to filing a § 2241 Petition. Kurfees v. I.N.S., 275 F.3d 332, 336 (4th Cir. 2001); Brown v. Smith, 828 F.2d 1493, 1495 (10th Cir. 1987).



**Discussion**

With respect to Petitioner's due process claim, in the prison disciplinary setting, an inmate is entitled to only a minimal standard to due process, and if the following requirements are satisfied, prison officials have met this minimal standard:

1. Advance written notice of the charges;

2. A written statement, citing the evidence on which the decider relied and the reasons for the action taken; and

3. The right by the inmate/defendant to call witnesses and present documentary evidence, if institutional safety will not be jeopardized.

Wolff v. McDonnell, 418 U.S. 539, 563-576 (1974); Luna v. Pico, 356 F.3d 481, 487-488 (2d Cir. 2004).

Here, the evidence clearly shows that the Petitioner was given advance written notice of the charge, that he was advised that the matter was being referred to the DHO for hearing, and that he was provided with a Notice of Hearing before the DHO as well as with a copy of his Inmate Rights. Petitioner signed these documents. See Respondent's Exhibit 2. The DHO hearing was thereafter conducted on December 15, 2009, at which Petitioner was present and participated. The DHO then found Plaintiff guilty of the charge, setting out in writing the reasons for his findings and conclusion. See Respondent's Exhibit 2, Attachment D. As part of his findings, the DHO specifically noted that inmates are responsible for the contents of their living areas, that the weapon was found in the Petitioner's cell but that neither Petitioner nor his roommate accepted responsibility, that the weapon threatened the security and orderly running of the institution and safety of both staff and inmates, and that possession of a weapon can lead to serious injury of both parties as well as staff and may escalate into a major confrontation between inmates and staff,

4



thereby threatening the security and orderly running of the institution. Id. Hence, the first two criteria of the Wolff due process standard were clearly met.

With respect to Petitioner's complaint about his witness, the DHO found that Montgomery had previously assaulted Harris and that Harris' testimony would therefore be considered tainted, as well as that his appearance would constitute a threat to his personal safety. Respondent's 2, Attachment D. Harris was not allowed as a witness, nor does the record contain an affidavit or other evidence from Harris. While Petitioner contends that the decision by the DHO to not allow Harris' testimony denied him due process, based on the exhibits and arguments provided in conjunction with the applicable standard for considering this claim, the undersigned does not find a basis for reversal of Petitioner's disciplinary conviction on this ground.

First, Petitioner has no absolute right to call and confront witnesses in a disciplinary hearing if institutional security may be compromised by allowing such testimony. Cf..Hatch v. Wilson, No. 09-109, 2009 WL 3756637 at *4 (E.D.Ky. Nov. 6, 2009)[Prisoner does not have a constitutional right to confront and cross-examine witnesses in a disciplinary hearing]; Hayes v. Hickey, No. 10-18, 2010 WL 1740875 at * 4 (E.D.Ky. Apr. 28, 2010)[A prisoner's right to call witnesses and present evidence at a disciplinary hearing is circumscribed by competing concerns for institutional safety and other correctional goals]. Further, even assuming for purposes of consideration of Respondent's motion that sufficient grounds were not established for the denial of Petitioner's requested appearance by Harris at his hearing, Petitioner has still failed to establish entitlement to relief, as

> [c]omplaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what a witness would have testified are largely speculative. Lockhart v. McCotter, 782 F.2d 1275, 1282 (5th Cir. 1986), cert. denied, 479 U.S.



1030 (1987). Where the only evidence of a missing witness's testimony is provided by the habeas petitioner himself, federal courts view his claims with great caution. Id. (citing Schwander v. Blackburn, 750 F.2d 494, 500 (5th Cir. 1985)). A meritorious claim of uncalled witnesses requires the petitioner to show not only that the testimony would have been favorable, but also that the witness would have so testified during the proceeding. Alexander v. McCotter, 775 F.2d 595, 602 (5th Cir. 1985).

See Blakely v. Quarterman, No. 04-10, 2007 WL 2350893 at * 5 (N.D.Tex. Aug. 17, 2007).

Here, Petitioner has failed to provide any evidence from inmate Harris stating what his testimony would have been at the disciplinary hearing had he been called to testify. Petitioner has submitted an affidavit wherein *Petitioner* claims that Harris would have been willing to "give testimony about what happened between he [Harris] and Montgomery, and to determine by visual identification, whether the weapon found in the cell Petitioner and Montgomery shared appeared to be the same weapon Montgomery used to assault him [Harris]. See Defendant's Affidavit, ¶ 5. However, no statement or affidavit from Harris himself has been provided. Petitioner also attests that, although the hearing officer recorded him as saying "I can't say that Harris could tell you if it was the exact weapon used . . . ", he was misquoted and that he actually said "I can't tell you what Harris saw or if Harris will tell you the knife found "IS" the knife Montgomery threatened him [Harris] with. Only Harris can tell you that! But what "I" can tell you is that the knife that was found isn't mine!" See Petitioner's Affidavit, ¶ 6 [Emphasis in original]. However, even assuming the truth of this statement, Petitioner's statement (as purportedly corrected in his affidavit) does not establish that Harris' testimony would have exonerated him. Further, the fact still remains that Petitioner has not presented any evidence from Harris as to what his testimony would have been, or that he would have even agreed to testify. Porter v. Perdue, No. 10-958, 2011 WL 2222362 at * 4 (N.D.N.Y. June 7, 2011)[Courts cannot grant habeas relief based upon unsubstantiated conclusions,



opinions or speculation]; Blakely, 2007 WL 2350893, at * 5 [Petitioner has the burden of showing that claimed witness would have presented favorable testimony during the proceeding]. Therefore, Petitioner has failed to establish that he is entitled to a reversal of his disciplinary conviction on due process grounds.

As for Petitioner's "actual innocence" claim, to sustain a conviction in the institutional setting, the fact finder need only show that some evidence existed to support his conclusion. Superintendent, Massachusetts Correction Institution v. Hill, 472 U.S. 445, 456-457 (1985); see Piggie v. Cotton, 344 F.3d 674, 677 (7th Cir. 2003). The Supreme Court in Superintendent evidenced a distaste for allowing the federal courts to review the outcome of prison disciplinary actions, and under the applicable caselaw a disciplinary decision is sufficient to pass scrutiny under the due process clause if it is supported by "some" evidence. Id; Baker v. Lyles, 904 F.2d 925 (4th Cir. 1990); Sales v. Murray, 862 F.Supp. 1511 (W.D.Va. 1994); McClung v. Shearin, No. 03-6952, 2004 WL 225093 (4th Cir. Feb. 6, 2004); see also Chevron U.S.A. v. Natural Res. Def. Cil., Inc., 467 U.S. 837, 844 (1984)[Agency's decisions are not to be second-guessed by federal courts unless they are arbitrary, capricious, or manifestly contrary to the statute]. The evidence before the Court clearly shows that Petitioner was given advance written notice of the charges, that he appeared at the hearing, gave a statement, and was afforded the opportunity to present his case. Evidence from the reporting employee was that, during a search of Petitioner's cell, an eight inch metal homemade weapon was found in the window behind the bars and in between the bars and the window. Both Petitioner and his roommate denied responsibility for the weapon, so both were charged. See Respondent's Exhibits A and D. Following Petitioner's hearing, the DHO found him guilty of the possession charge, setting forth in writing the evidence and rationale for his decision,



which meets the standards of <u>Superintendent</u> and its progeny.  This claim is without merit.[3]

### Conclusion

Based on the foregoing, it is recommended that the Respondent's motion be **granted**, and that this Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

December 4, 2012
Charleston, South Carolina

---

[3]Although Petitioner also mentioned in an attachment to his initial petition that he was unfairly punished compared to other inmates who were found in possession of a weapon, he did not address this issue in his memorandum in opposition to summary judgment [despite Respondent addressing it] and has presented no evidence on this issue.  Therefore, to the extent that it has not been abandoned, Petitioner's failure to present any evidence on this issue requires that it be dismissed.  <u>Ryan v. Scism</u>, 474 Fed.Appx. 49, 52 (3d Cir. Apr. 4, 2009)[Petitioner must prove that he received different treatment from that received by other individuals similarly situated and that the BOP acted with discriminatory purpose](quoting <u>McCleskey v. Kemp</u>, 481 U.S. 279, 282 (1987)).



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

