IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

RECEIVED
USDC. CLERK, CHARLESTON, SC
2013 JAN 18 A 9 22

| | |
|---|---|
| Perry Mason, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>Kenny Atkinson, Warden )<br>)<br>Respondent. )<br>)<br>_____ ) | No. 9:11-cv-1655-RMG<br><br>**ORDER** |

Petitioner Perry Mason, acting *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Dkt. No. 1). An inmate with the federal Bureau of Prisons, Petitioner contests his conviction on a disciplinary charge for possessing a weapon while incarcerated. He claims he was deprived of due process of law when the disciplinary hearing officer ("DHO") denied his request to call another inmate as a witness, citing concern for the would-be witness's safety. (Dkt. No. 1).

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and Local Rule 73.02(B)(2), D.S.C., this case was referred to the Magistrate Judge for pre-trial handling. On March 28, 2012, Respondent filed a motion seeking dismissal as well as summary judgment. (Dkt. No. 28). Respondent argued that due process was provided, and that habeas relief should be denied. (*Id.* at 4-7). A *Roseboro* order was issued, (Dkt. No. 29), and Petitioner filed a response opposing this motion on May 4, 2012. (Dkt. No. 31). Respondent replied and Petitioner filed a surreply. (Dkt. Nos. 33, 34).

On December 4, 2012, the Magistrate Judge issued a Report and Recommendation recommending that Respondent's motion be granted and the case dismissed, on the basis that there was no genuine issue as to whether Petitioner had been afforded due process under the standard set

forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974). (Dkt. No. 35). Petitioner timely filed his objections to the Report and Recommendation on December 21, 2012. (Dkt. No. 37). On January 10, 2013, this case was reassigned to the undersigned. (Dkt. No. 39).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court may "accept, reject, or modify, in whole or in part, the findings or recommendations" of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

In his objections to the R&R, Petitioner disputes the Magistrate Judge's decision to grant summary judgment. He argues, *inter alia*, that "there is a genuine dispute concerning whether there was any real threat to [the inmate Mason sought to call as a witness] if [that witness] testified at Petitioner's disciplinary hearing . . . ." (Dkt. No. 37 at 6). The Court, mindful of the circumspection courts must exercise in this realm, agrees with the Magistrate Judge in concluding otherwise. As the Fourth Circuit has counseled, "hearing officers . . . may decide that legitimate penological interests justify the denial of an individual inmate's witness request, and their decisions are not to be lightly second-guessed by courts far removed from the demands of prison administration." *Brown*, 373 F.3d 501, 505 (4th Cir. 2004). In his report of the disciplinary hearing, the DHO explained his decision to deny Petitioner's request to call the witness, finding in part that the requested witness's appearance would present a threat to that witness's personal safety. (Dkt. No. 28-2 at 3). The requested witness had, after all, already been assaulted once by the inmate against whom Petitioner sought his testimony. In this context, where the risk of reprisal was so apparent, there is no question that the DHO acted within his discretion in deciding that legitimate penological interests justified excluding the witness. *See Wolff*, 418 U.S. at 566 (noting that "[p]rison officials must have the

necessary discretion . . . to refuse to call witnesses that may create a risk of reprisal"). As a result, no genuine issue remains as to whether due process was satisfied.

In his objections, Petitioner also claims that he has not abandoned his claim that his punishment was more severe than other prisoners charged with the same infraction. Regardless, as the Magistrate Judge correctly observed, Petitioner has not presented any evidence to support this contention. Though Petitioner refers to another inmate, "Robert Orchard," whom he claims received a less severe punishment after also being found with a knife, (Dkt. No. 37 at 8), this otherwise unsubstantiated assertion, lacking any allegation that the Bureau of Prisons acted with a discriminatory purpose, is not by itself sufficient to avoid dismissal. *Cf. Ryan v. Scism*, 474 F. App'x 49, 52 (3d Cir. 2009).

## Conclusion

The Court, having fully reviewed the factual record, memoranda submitted by the parties, the Report and Recommendation and the applicable case law, hereby adopts the Report and Recommendation. Therefore, Respondent's motion for dismissal and summary judgment, (Dkt. No. 28), is hereby **GRANTED** and Petitioner's Petition is **DISMISSED.**

### Certificate of Appealability

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court

Charleston, South Carolina
January 18, 2013

-4-